AARON D. FORD
  Attorney General
GERRI LYNN HARDCASTLE, Bar No. 13142
  Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1134
E-mail: ghardcastle@ag.nv.gov

*Attorneys for Defendant*
*Paul Valdez*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CARY J. PICKETT,<br><br>    Plaintiff,<br><br>v.<br><br>VALDEZ, *et al.*,<br><br>    Defendants. | Case No. 3:17-cv-00567-MMD-WGC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br>(First Request) |

Defendant, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Gerri Lynn Hardcastle, Deputy Attorney General, hereby move this Honorable Court for an enlargement of time to respond to Plaintiff's Motion for Leave to File Amended Complaints at ECF No. 32.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    RELEVANT FACTS AND PROCEDURAL HISTORY**

This is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 4 at 1. Plaintiff, Cary J. Pickett (Plaintiff), is an inmate in the lawful custody of the Nevada Department of Corrections (NDOC). *Id.* Following screening, Plaintiff is proceeding on a single claim of retaliation. *Id.* at 6.

Currently pending before this Honorable Court is Plaintiff's Motion for Leave to File Amended Complaints at ECF No. 32. Defendant's deadline to respond is today, June 20, 2019. Unfortunately, Defendant is unable to comply with this deadline.

///

As the docket shows, current counsel became responsible for representing the Defendant only two (2) days ago, June 18, 2019. ECF No. 37.[1] Counsel has not yet had the opportunity to familiarize herself the facts and allegations of this case, but reassignment of counsel was necessary, because several attorneys in the Public Safety Division have recently left the Office of the Attorney General, and those attoreys have not yet been replaced. The Public Safety Division is therefore severely short-staffed at the present time. The burden this has placed on the attorneys remaining in the division, including Defendant's counsel, is currently overwhelming. Consequently, Defendant respectfully requests that this Honorable Court allow him an extra thirty (30) days, or up to and including Friday, July 19, 2019.

## II.    LEGAL STANDARD

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D. Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D. Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

/ / /

/ / /

---

[1] The leadership within this division is addressing this issue and, hopefully, the short-staffing will be resolved in thirty (30) to sixty (60) days.

2

### III. DISCUSSION

Defendant's opposition to Plaintiff's motion for leave is due today. Therefore, Defendant must demonstrate good cause for the requested enlargement. Good cause exists to enlarge the time for him to file their opposition, because his counsel is currently unable to complete the filing due to the manner in which severe short-staffing in this bureau of the Office of the Attorney General has impacted counsel's current workload. Defendant is seeks this enlargement in good faith and not for the purpose of any unnecessary delay. Moreover, Defendant does not perceive any possible prejudice to Plaintiff if this motion is granted. Therefore, Defendant requests to be allowed up to and including Friday, July 19, 2019, to file his opposition.

### IV. CONCLUSION

As stated, Defendant needs additional time to file their opposition based on their counsel's inability to timely complete the filing due to severe short-staffing in this division of the Office of the Attorney General. Accordingly, Defendant respectfully requests this Honorable Court grant his motion and allow him up to and including, Friday, July 19, 2019, to file his opposition.

DATED this 20th day of June, 2019.

AARON D. FORD
Attorney General

By: _____
GERRI LYNN HARDCASTLE, Bar No. 13142
Deputy Attorney General

*Attorneys for Defendant*

IT IS SO ORDERED.

DATED: June 21, 2019.

_____
UNITED STATES MAGISTRATE JUDGE