# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CORY PICKETT,

    Plaintiff

v.

PAUL VALDEZ,

    Defendant

Case No.: 3:17-cv-00567-MMD-WGC

**Order**

Re: ECF No. 32

Before the court is Plaintiff's Motion for Leave to File Amended Complaint. (ECF Nos. 32, 32-1.) Defendant filed a response. (ECF No. 40.) Plaintiff filed a reply. (ECF No. 42.)

## **I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 20.) Currently, the only defendant is Correctional Officer Paul Valdez. On screening, Plaintiff was allowed to proceed with a single retaliation claim against Valdez. (ECF No. 4.) Plaintiff was subsequently granted leave to amend because he inadvertently failed to check the box indicating he was suing Valdez in his individual *and* official capacities. (ECF Nos. 19, 20.)

Plaintiff alleges that on August 6, 2016, he was served two hard boiled eggs that were contaminated with dried blood or fluids from red meat. He asserts there are risks of cross-contamination as the eggs were placed on the top of the other foods on his tray. Plaintiff requested a new tray from the culinary officer and was denied. He took a seat, and when he saw Valdez he explained about the contaminated egg and the denial of a new tray. Plaintiff asked

Valdez if it would be okay with him if he took the contaminated eggs from the hall and "attached them" to an emergency grievance. Valdez said, "go ahead and try it," but that the shift command would probably just laugh at him. Plaintiff took the eggs from the culinary to the unit officer, Senior Correctional Officer Willis, and got an emergency grievance and requested that Willis submit the grievance and contaminated eggs to shift command, and seek a replacement meal. He avers that Willis called Valdez to transport the emergency grievance to shift command, and Valdez read Plaintiff's grievance and noticed that Plaintiff had included the fact that Valdez gave him permission to remove the food from the hall. Valdez then came to Plaintiff's cell door, demanding that Plaintiff re-write his grievance and take Valdez's name out of it. Plaintiff refused, and Valdez threatened to write him up for compromising staff. Two days later, Plaintiff learned that Valdez did file a charge alleging that Plaintiff had given false information in his grievance, and asserted that he did not give Plaintiff permission to remove the eggs. Plaintiff ended up being convicted of the charge.

     In the amended complaint, Plaintiff requests financial compensation and credits to compensate for the loss of work credits as a result of the disciplinary action, and that all NDOC staff and officers receive re-training regarding sensitivity and retaliation, along with fees and costs incurred in prosecuting this lawsuit. (ECF No. 20 at 10.)

     Plaintiff now seeks leave to amend to add the Director of the Nevada Department of Corrections, James Dzurenda, in his official capacity, to carry out any injunctive relief that Plaintiff may obtain. (ECF No. 32.) He includes a proposed amended complaint (which would actually be the second amended complaint (SAC)) naming Valdez and Director James Dzurenda. (ECF No. 32-1.) Count 1 is the same retaliation claim against Valdez from his prior pleadings. He also includes Count 2, which is a First Amendment claim for injunctive relief against

Dzurenda, stating that the allegations against Valdez possibly indicate a lack of training, and if injunctive relief is warranted then Dzurenda is responsible for effectuating it. Plaintiff's request for relief in the proposed amended complaint seeks financial compensation for the loss of privileges, as well as injunctive relief in the form of some kind of training for all NDOC staff related to sensitivity and how to deal with a situation without retaliating. He also seeks to have the false notice of charges expunged from his record. (ECF No. 32-1 at 10.)

Defendants argue that the motion to amend should be denied because Plaintiff concedes that Dzurenda was not personally involved in the actions of Valdez, and there are no allegations of a failure to train; therefore, there is no basis for including Dzurenda as a defendant.

In his reply brief, Plaintiff states that Defendants argue that Plaintiff seeks to add a second cause of action against Director Dzurenda, but Plaintiff states that "Dzurenda is sought to be added only to effectuate any injunctive relief," citing *Colwell v. Bannister*, 763 F.3d 1060, 1078 (9th Cir. 2014).

## **II. DISCUSSION**

A party may amend once, as a matter of course, within 21 days of serving a pleading or within 21 days after service of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). Otherwise, amendment is only permitted with the other party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). Plaintiff is outside the time parameters of Rule 15(a)(1), and Defendants have not consented to amendment under Rule 15(a)(2); therefore, Plaintiff requires leave of court to amend.

While leave to amend is to be freely given under Federal Rule of Civil Procedure 15(a)(2), the court need not give leave to amend where doing so is, among other things, futile or the amended complaint would be subject to dismissal. *See Amerisource Bergen Corp. v.*

3

*Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see also Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Defendants are correct that the allegations contained in Count II of the proposed SAC do not state a viable civil rights claim for failure to train, or otherwise, against Director Dzurenda.

"'Under section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability.'" *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012) (en banc) (quoting *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989)). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Id*. (quoting *Hansen*, 885 F.2d at 646).

The causal connection can include: "1) [the supervisor's] own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) conduct that showed a reckless or callous indifference to the rights of others." *Lemire v. Cal. Dep't of Corr.*, 726 F.3d 1062, 1085 (9th Cir. 2013) (citations and internal quotation marks omitted).

In addition, "[s]upervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of a constitutional violation.'" *Crowley v. Bannister,* 734 F.3d 967, 977 (9th Cir. 2013) (quoting *Hansen*, 885 F.2d at 646) (internal quotation marks omitted).

Plaintiff presents no factual allegations that would give rise to a claim against Dzurenda under any of these theories.

This is immaterial, however, as Plaintiff confirms that he does not actually seek to state a failure to train claim against Dzurenda. Instead, he wants only to name Dzurenda in his official capacity for purposes of carrying out any injunctive relief he may obtain.

Plaintiff is correct that in *Colwell v. Bannister*, the Ninth Circuit held that even though there were no facts indicating the prison director was personally involved in the underlying alleged civil rights violation, he was nevertheless a proper defendant in the claim for injunctive relief "because he would be responsible for ensuring that injunctive relief was carried out, even if he was not personally involved in the decision giving rise to [the plaintiff's] claims." *Colwell v. Bannister*, 763 F.3d 1060, 1070 (9th Cir. 2014) (citation and quotation marks omitted); *see also Edmo v. Corizon, Inc.*, 935 F.3d 757, 799 (9th Cir. 2019) (citation omitted) ("An official-capacity suit for injunctive relief is properly brought against any persons who would be responsible for implementing any injunctive relief." Holding that director and deputy director of the prison would be responsible for implementing any injunctive relief and were properly named regardless of personal involvement).

Plaintiff does seek injunctive relief; therefore, under *Colwell*, it is appropriate for Plaintiff to name the director of NDOC in his official capacity as a defendant for this limited purpose. Even when Dzurenda no longer serves as director, his successor "is automatically substituted as party" in his official capacity. Fed. R. Civ. P. 25(d).

Therefore, Plaintiff's motion for leave to amend is granted insofar as he is allowed to add NDOC Director James Dzurenda as a defendant in his official capacity for the limited purpose of implementing any injunctive relief that Plaintiff may obtain. He has confirmed he does not seek to state a separate claim for relief against Dzurenda.

### III. CONCLUSION

Plaintiff's motion for leave to amend (ECF No. 32) is **GRANTED** insofar as Plaintiff is allowed to add NDOC Director James Dzurenda as a defendant in his official capacity for the limited purpose of implementing any injunctive relief that Plaintiff may obtain.

The Clerk shall **FILE** the SAC (ECF No. 32-1).

The Attorney General's Office shall advise the court within **21 days** of the date of this Order whether it will accept service on behalf of James Dzurenda. If Dzurenda is no longer serving as director, the successor is automatically substituted under Rule 25(d). The Attorney General's Office shall advise the court if a new director has been appointed when it advises the court regarding acceptance of service. If the Attorney General's Office accepts service on behalf of the director, a responsive pleading must be filed within **30 days** of the date of this Order.

Dated: October 10, 2019

_____
William G. Cobb
United States Magistrate Judge