UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CARY J. PICKETT,

Plaintiff,

v.

PAUL VALDEZ, *et al.*,

Defendants.

Case No. 3:17-cv-00567-MMD-WGC

ORDER

Plaintiff has filed an objection to Magistrate Judge William G. Cobb's order issued on July 30, 2019, to the extent the order dismissed Plaintiff's motion to compel (ECF No. 33) without prejudice and deferred ruling on Plaintiff's motion for sanctions (ECF No. 34) while permitting Defendant—who had not responded to Plaintiffs' motions—further opportunity to respond to the motions (*see* ECF Nos. 41, 43).[1] (ECF No. 46.) Plaintiff contends that allowing Defendant an opportunity to respond as opposed to simply granting his motions is inexcusable and prejudicial to him. (*Id.* at 2.) Plaintiff's objection amounts to an appeal of a magistrate judge's pretrial order. Finding no clear error, the Court overrules the objection.

In reviewing a magistrate judge's non-dispositive pretrial order, the magistrate's factual determinations are reviewed for clear error. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate judge's pretrial order issued under § 636(b)(1)(A) is not subject to de novo review, and the reviewing court "may not simply

///

---

[1] The Court has considered Defendant Paul Valdez's response (ECF No. 48) and Plaintiff's reply (ECF No. 51).

1 | substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

The Court finds Judge Cobb did not clearly err in rendering his decision in ECF Nos. 41 and 42. In the first order, Judge Cobb denied Plaintiff's motion to compel without prejudice because necessary documents evidencing the discovery originally sought and responses thereto as required under LR 26-7 were not attached to the motion. (ECF No. 41 at 2.) Judge Cobb further permitted Plaintiff to supplement the motion and deferred ruling on the related motion for sanctions until the motion to compel was resolved. (*Id.*) In the second order, Judge Cobb explains that the disputed discovery documents were filed separately from Plaintiff's motion to compel (ECF No. 43).[2] That order additionally highlighted the resulting confusion and disregarded a need for Plaintiff to supplement (assuming the proper documents had been provided) as well as extended the deadline for Defendant's response to the "motion(s)" and Plaintiff to file a reply. (*Id.*)

Although Judge Cobb could have granted the motions under 7-2(d) due to Defendant's non-responses, Judge Cobb provided specific reasons for declining to do so. (*See generally* ECF No. 41.) The Court concludes that Judge Cobb's decisions were not clearly erroneous. Nor does his decision to further permit Defendant to respond to Plaintiff's motions constitute error. Moreover, it appears Plaintiff's objection is rendered moot because Judge Cobb has since further ruled on the motion to compel and motion for sanctions (ECF No. 52).

It is therefore ordered that Plaintiff's objection (ECF No. 46) is overruled.

DATED THIS 21st day of October 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Plaintiff contends that the attachments were not joined to his motion due to the Clerk of Court's error. (ECF No. 46 at 1.)