UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARY J. PICKETT,<br><br>                       Plaintiff,<br>     v.<br>PAUL VALDEZ, *et al.*,<br><br>                       Defendants. | Case No. 3:17-cv-00567-MMD-WGC<br><br>ORDER |

Plaintiff has filed yet another objection to one of Magistrate Judge William G. Cobb's orders regarding Plaintiff's motions to compel (ECF No. 33) and for sanctions (ECF No. 34) ("Objection"). (ECF No. 61.) The Court has considered Defendant Paul Valdez and Harold Wickham's response (ECF No. 69) and will overrule the Objection.[1]

In reviewing a magistrate judge's non-dispositive pretrial order, the magistrate's factual determinations are reviewed for clear error. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate judge's pretrial order issued under § 636(b)(1)(A) is not subject to de novo review, and the reviewing court "may not simply

///

///

---

[1] Plaintiff improperly filed a reply to Defendants' response (ECF No. 73), which the Court does not consider in ruling on the Objection. Although Plaintiff moves in *pro se*, he is still bound by Court rules. *See, e.g.*, *Tagle v. Nevada*, No. 3:16-cv-00148-MMD-WGC, 2017 WL 6596588, at \*2 (D. Nev. Dec. 26, 2017) ("[P]ro se litigants like Plaintiff must follow the same rules of procedure that govern other litigants."). Under the applicable local rule, LR IB 3-1(a), Plaintiff must obtain leave of court to file a reply to a response to his Objection. *See also* LR 7-2 ("Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged."). Plaintiff failed to request such leave; therefore the reply is improper.

substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

In the Objection, Plaintiff specifically challenges Judge Cobb's order which is reflected on the docket at ECF No. 52. That order, among other things, denies Plaintiff's motion to compel (ECF No. 33) and his related request for sanctions (ECF No. 34). In many ways, Plaintiff reiterates contentions that this Court has already explained makes no showing of clear error. (*See* ECF No. 57.) To the extent Plaintiff makes assertions anew, he again fails to provide argument or authority to meet the requisite clear error standard. The Court therefore finds no basis to overturn Judge Cobb's order.

It is therefore ordered that Plaintiff's Objection (ECF No. 61) is overruled.

DATED THIS 11th day of February 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE