AARON D. FORD
  Attorney General
JEFFREY A. COGAN, Bar No. 4569
  Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, NV  89701-4717
Tel:  (775) 684-1261
E-mail: jcogan@ag.nv.gov

*Attorneys for Defendants*
*Paul Valdez and Harold Wickham*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CARY J. PICKET,<br><br>        Plaintiff,<br><br>vs.<br><br>VALDEZ, et al.,<br><br>        Defendants. | Case No.  3:17-cv-00567-MMD-WGC<br><br>**ORDER GRANTING<br>MOTION FOR EXTENSION TO FILE<br>OPPOSITION TO PLAINTIFF<br>CARY J. PICKETT'S<br>MOTION FOR SUMMARY<br>JUDGMENT (ECF No. 96)** |

Defendants, Paul Valdez and Harold Wickham, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Jeffrey A. Cogan, Deputy Attorney General, hereby files this Motion for Extension to File Opposition to Plaintiff Cary J. Pickett's Motion for Summary Judgment. (ECF NO. 96).

**POINTS AND AUTHORITIES**

This is a *pro se* prisoner civil rights action brought by Nevada Department of Corrections (NDOC) inmate Cary J. Pickett (Pickett), #57591, asserting a single surviving retaliation claim arising under the First Amendment via 42 U.S.C. § 1983. *See* ECF No. 4 at 6. On December 10, 2020, this Court, at a telephone status conference relating to the status of the Office of the Attorney General's receipt of responses to written questions of percipient witness Clarence Cameron, the Court set the dispositive motion deadline to February 26, 2021.  ECF 93.  Pickett file a Motion for Summary Judgment on January 22, 2021, requiring a response by February 12, 2021. ECF No. 96.

/ / /

1

1  Defendants' counsel is suffering from a vitreous hemorrhage, a bleeding of blood
2  vessels in his left eye, causing blindness in his left eye. As such, it is more challenging
3  to work as quickly as Defendants' counsel had expected, causing delays to Defendants'
4  counsel workflow. Additionally, Defendants' counsel's workload increased as the
5  undersigned was required to respond to motions in other cases, relating to the same
6  inability to see.

7  Defendants' counsel had hoped that the vessels would be repaired through
8  surgery set for December 21, 2020, which was continued to February 3, 2020, as the eye
9  had not yet healed enough to commence surgery. On February 3, 2021, the
10 ophthalmologist determined to move the surgery to March 19, 2021, to allow for
11 additional healing.

## I. LEGAL STANDARD

"For good cause, the court may extend the time prescribed by these rules or by its order to perform any act or may permit an act to be done after that time expires." Fed. R. Civ. P. 26(b). "The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time fixed for the purpose in question has expired). *Pickett v. Valdez*, Case No. 3:17-cv-00567-MMD-WGC, 2019 WL 2570524, *2 (D. Nev. June 21, 2019) citing *Canup v. Miss. Valley Barge Line Co.,* 31 F.R.D. 282, 283 (D. Pa. 1962). The *Canup* Court explained that the "practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Id.* citing *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D. Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *See In re Western States Wholesale Natural Gas Antitrust Litigation,* 715

/ / /

2

F.3d 716, 737 (9th Cir. 2013) citing *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992).

## II.     ARGUMENT

The undersigned has sought to rectify his issue with his eye and adjusting his workload to timely respond to his obligations as Defendants' counsel.  The undersigned seeks and additional one week to February 19, 2021 to respond to Plaintiff's Motion for Summary Judgment. ECF No. 96.  The Response is in its final stages and could be filed before February 19, 2021, but it is more prudent to seek an extension of seven days to ensure a second request for extension will not be filed.  There would be no delay to the proceedings as the dispositive motion deadline is February 26, 2021 and thus, if Defendants file their motion for summary judgment, the Court would not rule until Pickett filed a response by March 19, 2021 and any replies were subsequently be filed on the motions for summary judgment.

DATED this 12th of February, 2021.

AARON D. FORD
Attorney General

By:     /s/ Jeffrey A. Cogan
JEFFREY A. COGAN, Bar No. 4569
Deputy Attorney General

*Attorney for Defendants*

**IT IS SO ORDERED.**

William G. Cobb
**U.S. MAGISTRATE JUDGE**

DATED: February 16, 2021